**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>v.<br><br>Sabir Qasim,<br><br>             Defendant. | No. CV-23-01581-PHX-SHD<br><br>**ORDER** |

Defendant Qasim has filed a motion to stay execution of the Court's judgment revoking his citizenship. (Doc. 78.) The motion is fully briefed (Docs. 81, 82), no party has requested oral argument, and the Court does not believe oral argument is necessary. The Court will deny the motion.

The Supreme Court has established a four-factor test governing a court's discretion to issue a stay pending appeal. Courts must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotation marks omitted).

To obtain a stay, a defendant "must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in [defendant's] favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quotation marks omitted). The "probability of success"

standard does not "demand a showing that success is more likely than not." *Id.* at 968. Rather, "a [defendant] must show, at a minimum, that [they have] a substantial case for relief on the merits." *Id.*

Qasim alleges that his appeal will raise "serious legal questions" regarding whether 8 U.S.C. § 1101(b)(1)(E) invariably requires the complete legal severance of the biological parent–child relationship in the context of foreign customary arrangements such as kafala. (Doc. 78 at 6–8.) The Court concludes that Qasim has not shown the existence of a serious legal question, let alone a probability of success on the merits.

For reasons explained in detail in the Court's previous decision (Doc. 65), the Court found that "the undisputed facts compel the conclusion that Qasim's LPR status is void because he is not a child of a refugee. Consequently, Qasim's naturalization was illegally procured within the meaning of [8 U.S.C.] § 1451(a) because Qasim did not satisfy all statutory requirements for citizenship, and his citizenship must be revoked." (*Id.* at 29–30.) Central to that determination was the Court's conclusion that Qasim's kafala arrangement did not constitute an "adoption" under § 1101(b)(1)(E) because it did not terminate the legal relationship between Qasim and his biological parents. (*Id.* at 19–20.)

The Ninth Circuit addressed the definition of "adoption" in § 1101(b)(1)(E) in *Young v. Reno*, finding that a valid adoption for immigration purposes requires the termination of the prior parent–child relationship. 114 F.3d 879, 885 (9th Cir. 1997). Qasim's briefing admits the kafala arrangement did not sever Qasim's legal ties with his parents. (Doc. 44 at 3, 11.)[1] Under *Young*, the absence of such termination is dispositive.

Qasim nevertheless argues that his appeal will raise "serious legal questions" because, in his view, *Young* did not resolve whether § 1101(b)(1)(E) "invariably requires

---

[1] At oral argument, Qasim asserted for the first time that his mother had relinquished her parental rights. For the reasons explained in the Court's prior order, (Doc. 65 at 19 n.8), the Court relies on Qasim's briefing, which expressly states that his kafala arrangement did not sever his ties with his biological parents. (*See* Doc. 44 at 3, 11.) Additionally, Qasim's motion to stay does not contend that parental rights were severed; it relies solely on the assertion that his appeal will present "serious legal questions" about the proper interpretation of *Young* and § 1101(b)(1)(E).

a legally complete severance of the biological parental relationship in the context of foreign customary arrangements," and he seeks to recharacterize this case as presenting a question of first impression. (Doc. 78 at 8.)

Qasim attempts to avoid *Young* by contending that it involved a domestic adoption rather than a cultural arrangement such as kafala. (*Id.* at 7.) This distinction does not undermine the binding rule expressed in *Young*. As *Young* makes clear, adoption for immigration purposes under § 1101(b)(1)(E) necessarily requires the extinguishment of the natural parents' legal rights. 114 F.3d at 885 ("[U]nder [§ 1101's] definitions of 'parent' and 'child,' adoption terminates the legal relationship between a natural parent and an adopted child," such that an "adopted child's only 'parents' under the statute are her adoptive parents.").

Qasim also relies on *Kaho v. Ilchert*, which held that "[f]or an adoption to be valid under section 1101(b)(1)(E), an adoption need not conform to the BIA's or Anglo-American notions of adoption; the adoption need only be recognized under the law of the country where the adoption occurred." 765 F.2d 877, 885 (9th Cir. 1985). Qasim cites *Kaho* to argue that the Ninth Circuit "explicitly rejects imposing Anglo-American notions of adoption." (Doc. 82 at 2; Doc. 78 at 7.) But *Kaho* does not stand for the proposition that any foreign custodial or guardianship arrangement qualifies as an "adoption" for immigration purposes. The relationship between the adult and child must still be the functional equivalent of adoption as Congress used that term in § 1101(b)(1)(E).

Because Qasim's kafala arrangement did not sever his biological parents' legal rights, it cannot qualify as an adoption under the INA, as construed by the Ninth Circuit. *Young* interprets § 1101(b)(1)(E) to require termination of the biological parent-child relationship, and nothing in *Kaho* suggests otherwise. Qasim cites no authority suggesting that kafala, without termination of parental rights, constitutes an adoption under the INA. Binding Ninth Circuit precedent forecloses Qasim's position, and this Court must adhere to such authority. *Hart v. Massanari*, 266 F.3d 1155, 1170–71 (9th Cir. 2001); *id.* at 1170 ("Binding authority . . . cannot be considered and cast aside; it is not merely evidence of

what the law is. Rather, caselaw on point *is* the law."). Accordingly, Qasim has not shown a probability of success on the merits or presented any serious legal question.

Because Qasim has not satisfied the threshold requirement under *Nken*, his motion fails at the first factor. The Court therefore need not address the remaining factors.

Accordingly,

**IT IS ORDERED** that Qasim's motion to stay execution of the Court's judgment (Doc. 78) is **denied**.

Dated this 16th day of December, 2025.

                                            Honorable Sharad H. Desai
                                            United States District Judge